```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/26/18
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ILEANA MARTINEZ,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

**ORDER**

16 Civ. 2298 (PGG) (BCM)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff filed the Complaint in this action March 24, 2016. (Dkt. No. 2) She seeks judicial review, pursuant to 42 U.S.C. § 405(g), of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits. (Id.) On October 5, 2016, this Court referred the matter to Magistrate Judge Barbara Moses for a Report & Recommendation ("R&R"). (Dkt. No. 5) On September 6, 2016, Defendant filed a motion for judgment on the pleadings, arguing that the decision of the ALJ should be affirmed. (Dkt. Nos. 11, 12). Plaintiff filed a cross-motion for judgment on the pleadings on November 21, 2016, arguing, inter alia, that this Court should remand the case for further administrative proceedings because the Administrative Law Judge ("ALJ") did not satisfy his duty to adequately develop the administrative record. (Dkt. Nos. 20, 21) On September 19, 2017, Judge Moses issued an R&R recommending that Plaintiff's motion be granted; that the Commissioner's motion be denied; and that this case be remanded for further administrative proceedings. (Dkt. No. 24)

        In her R&R, Judge Moses also informed the parties that they had fourteen days from the issuance of the R&R to file any objections, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, and that failure to do so would result in waiver of

review. (R&R at 38) No objections were filed to the R&R. Accordingly, both sides have waived their right to review by this Court. See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); see also Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report.").

This Court has nonetheless reviewed Magistrate Judge Moses's comprehensive and well-reasoned R&R and is satisfied that "there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted).

The ALJ in this case determined that Martinez has the following severe impairments: "meniscal tear, chondromalacia; diabetes mellitus, type 2; hypertension; history of asthma; hyperlipidemia; menorrhagia with iron deficiency anemia; onchomycosis, nails; and peripheral neuropathy." (Admin. Record (Dkt. No. 10-2) at 18) The ALJ determined that her depression and anxiety are "nonsevere." (Id. at 19)

The ALJ also found that Martinez's "severe" impairments did not meet or medically equal the criteria of any listed impairment. (Id. at 20) The ALJ further determined that Martinez has the residual function capacity to lift or carry 10 pounds occasionally and 5 pounds frequently; to stand or walk for a total of two hours in an eight hour workday; to sit for a total of six hours in an eight hour workday; to push or pull without limitation; to occasionally balance, stoop, kneel, and crouch; must never or rarely climb ladders, ropes, or scaffolds, ramps or stairs; never crawl; must avoid exposure to extreme cold or heat, dust, odors, fumes, poor

ventilation, pulmonary irritants, and unprotected heights; must avoid exposure to humidity, wetness, and moving mechanical parts; must avoid concentrated exposure to vibrations and operating a motor vehicle; can tolerate moderate office noise; can occasionally operate foot controls with her right foot; and can frequently operate foot controls with her left foot. (Id.) In making these determinations, the ALJ gave "great weight" to the opinion of Dr. John Griscom, who reviewed the medical evidence in the case but who did not examine Martinez. (Id. at 22)

In reviewing the record, Judge Moses found that the ALJ had not "properly develop[ed] the record as to any of Martinez's impairments." (R&R at 25) "Not only did he fail to obtain opinion evidence from any of [Martinez's] treating physicians, he also failed to obtain all of the relevant treatment notes (including any notes at all from one of the two psychiatrists who treated her), leaving a substantial gap in the record; failed to arrange any consultative examination; and failed to send medical interrogatories concerning the claimant's mental impairments after announcing that he would." (R&R at 25-26) Judge Moses further found that the "ALJ erred in failing to provide an adequate 'roadmap' for his decision, at step three, that Martinez's impairments did not meet or equal any relevant listing." (R&R at 26) This Court agrees with Judge Moses's conclusions.

With respect to Plaintiff's mental impairments, the ALJ had treatment notes showing that Martinez was "treated or followed for major depressive disorder by seven different physicians": Drs. Parikh, Calenda, Benson, and Whipple of Mount Sinai in New York; Dr. Rodriguez of the Institute for Family Health in New York; Dr. Plotkin of Northwest Medical Center in Florida, and Dr. Veloz at the Holy Cross Health Ministries in Florida. (R&R at 30-31; see also Admin R. (Dkt. No. 10-8) at 62, 70, 73; id. (Dkt. No. 10-9) at 5, 29, 31, 36) Despite the number of physicians who have treated Martinez for mental impairments,

3

the ALJ failed to obtain a complete set of treatment notes, failed to address the lengthy temporal gap in the treatment records, failed [to] request a medical source statement "as to plaintiffs actual mental limitations in a work setting" from either of her psychiatrists (or any other treating physician), see [Veley v. Colvin, 13 Civ. 1204 (MAT), 2016 WL 8671963, at *7 (W.D.N.Y. Jan. 29, 2016)], and failed even to obtain a consultative psychological examination, as would be appropriate if "the evidence as a whole [was] insufficient to allow [him] to make a determination or decision on [the] claim." 20 C.F.R. § 404.1519, 404.1519(a). Instead, the ALJ reviewed opinion evidence from a single, non-examining source – state agency psychological consultant Dr. Kamin. He then rejected the consultant's opinion (to the extent Dr. Kamin found 'moderate' limitations in Martinez's attention, concentration, and social interactions . . . concluding that "[t]he remainder of the medical evidence of record and the claimant's lack of treatment indicate that the claimant's mental impairments do not have more than a de minimis effect on the claimant's ability to perform basic work activities."

(R&R at 31 (internal citations omitted))

Although the Commissioner argued that the ALJ did not need to obtain medical source statements because "there was no gap in the medical record" (Def. Reply (Dkt. No. 22) at 5), Judge Moses found that

there were significant temporal gaps in the treatment notes, incomplete records from plaintiff's providers in Florida, and no treatment notes at all from Dr. Pabon, one of plaintiff's two treating psychiatrists, making the record in this case "a far cry from that in Tankisi and similar cases" where the ALJ's failure to obtain a medical source statement was excused. [Sanchez v. Colvin, 13 Civ. 6303 (PAE), 2015 WL 736102, at *6 (S.D.N.Y. Feb. 20, 2015)]; see also [Craig v. Comm'r of Soc. Sec., 218 F. Supp. 3d 249, 268 (S.D.N.Y. 2016)] (where a claimant alleges that "mental health issues limit her ability to work," complete treatment notes from her psychiatrists "are especially necessary to evaluate her functional capacity").

(Id. at 32)

Judge Moses found that the ALJ also failed to develop the record as to Plaintiff's physical impairments:

[The ALJ] did not obtain any opinion evidence as to [Plaintiff's] physical impairments from any of her treating physicians. Nor did he arrange any consultative examination as to those impairments. "Because the ALJ failed to satisfy his affirmative duty to develop the record, the appropriate disposition in this case is a remand to the Commissioner for further proceedings." [Moreira v. Colvin, 13 Civ. 4850, 2014 WL 4634296, at *7 (S.D.N.Y. Sept. 15, 2014)]

4

(remanding where the ALJ failed to request opinion evidence from the claimant's treating physicians as to his physical impairments and instead relied on the opinion of a consultative examiner).

(Id. at 33-34)

Acknowledging that the ALJ obtained testimony from Dr. Griscom, a non-examining medical expert, as Judge Moses states, "[i]f the underlying record is insufficiently developed, however, the expert opinion of a non-examining expert, which in turn is based on the same insufficient record, cannot substitute for the ALJ's duty to expand the record itself." (R&R at 34 (citing Brady v. Colvin, 14 Civ. 5773 (ADS), 2016 WL 1448644, at *9 (reliance on medical testimony improper where it did "not provide enough . . . information to allow the ALJ to make the necessary inference that the Plaintiff could perform" sedentary work))

The ALJ also noted that "since the alleged onset date, no physician, treating or otherwise, has ever indicated that there is any medical reason why the claimant's activities should be . . . limited." (Admin. R. (Dkt. No. 10-2) at 23) As Judge Moses states, however, "[t]o deny disability benefits to Martinez based in part on the absence of opinion evidence from any treating physician or consultative examiner, without any effort to obtain such evidence, was clear error, and requires remand." (R&R at 34 (emphasis in original) (citing Santiago v. Comm'r of Soc. Sec., 2014 WL 3819304, at *17, 20 (S.D.N.Y. Aug. 4, 2014); Sanchez v. Colvin, 13 Civ. 6303 (PAE), 2015 WL 736102, at *6 (S.D.N.Y. Feb. 20, 2015))).

The Court also agrees with Judge Moses's determination that the ALJ did not provide an "adequate roadmap" for his determination that Martinez "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." (Admin. R. (Dkt. No. 10-2) at 20) The ALJ's discussion of this issue reads as follows:

5

Although the claimant has "severe" impairments, they do not meet the criteria of any listed impairments described in Appendix 1 of the Regulations (20 CFR, Subpart P, Appendix 1). No treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment, nor does the evidence show medical findings that are the same or equivalent to those of any listed impairment of the Listing of Impairments.

(Id.)

As Judge Moses states, this sparse analysis suffers from several defects:

First, [the ALJ] failed to identify any specific listing that he considered. . . . Second, he failed to set forth any reasoning for his determination, other than the conclusory statement that "[n]o treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment, nor does the evidence show medical findings that are the same or equivalent to those of any listed impairment." . . . As discussed above, the ALJ's reference to the absence of opinion evidence from Martinez's treating physicians, without having made any efforts to obtain such evidence, is not a valid basis on which to rest a negative finding. . . .

(Id. at 36) (emphasis in original).

This Court adopts Magistrate Judge Moses's R&R in its entirety. For the reasons stated therein, it also grants Plaintiff's motion for judgment on the pleadings (Dkt. No. 20) and denies the Commissioner's motion for judgment on the pleadings. (Dkt. No. 11) The case is remanded for further proceedings consistent with this Order and Judge Moses's R&R. The Clerk of Court is directed to terminate the motions (Dkt. Nos. 11, 20), and to close this case.

Dated: New York, New York
March 23, 2018

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

6